

FILED

MAR 12 ...

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,
4000 MASSACHUSETTS AVE., N.W., #1518,
WASHINGTON, D.C. 20016, 202-478-0371,

PLAINTIFF,

VS.

JUDITH N. MACALUSO, JM-410, H. CARL
MOULTRIE I COURTHOUSE, 500 INDIANA
AVE N.W., WASHINGTON DC 20001-2131,
(202) 879-1189,

AND

ERIC T. WASHINGTON, STEPHEN H.
GLICKMAN, JOHN R. FISHER, ANNA
BLACKBURNE-RIGSBY, PHYLLIS D.
THOMPSON, KATHRYN A. OBERLY, CORINNE
A. BECKWITH, CATHARINE F. EASTERLY,
ROY W. MCLEESE, ALL OF WHOM'S ADDRESS
IS: HISTORIC COURTHOUSE, 430 E STREET,
N.W., WASHINGTON DC 20001-2767, 202-
879-2700,

AND

JANE DOE, ADDRESS PRESENTLY UNKNOWN,

DEFENDANTS.
_____/

Case: 1:13-cv-00319
Assigned To : Bates, John D.
Assign. Date : 3/12/2013
Description: Civil Rights-Non. Employ.

**JURY TRIAL REQUESTED**

Plaintiff, Montgomery Blair Sibley ("Sibley"), sues Defendants Judith N. Macaluso

("Macaluso"), Eric T. Washington, Stephen H. Glickman, John R. Fisher, Anna Blackburne-Rigsby,

Phyllis D. Thompson, Kathryn A. Oberly, Corinne A. Beckwith, Catharine F. Easterly, Roy W.

McLeese (collectively "Court of Appeals Defendants") and Jane Doe and states as follows:

1

## INTRODUCTION

1.      By this lawsuit, Sibley seeks:

        a.      A declaratory judgment that Defendant Macaluso has violated Sibley's First Amendment presumptive right of access to court proceedings by her refusal to release her trial calendar to Sibley;

        b.      Damages from Defendant Macaluso pursuant to *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for her violation of Sibley's First Amendment presumptive right of access to court proceedings due to her refusal to release her trial calendar to Sibley;

        c.      A declaratory judgment that the Court of Appeals Defendants are obligated to publicly and in open court declare their decision in *Sibley v. District of Columbia Board of Elections and Ethics*, D.C. Court of Appeals Case. No.: 12-AA-1906 given that the Court of Appeals Defendants and/or their appointees have engaged in activities which arouse suspicions of malfeasance and/or corruption; and

        d.      Damages from Defendant Jane Doe pursuant to *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for her violation of Sibley's implied cause of action arising through 18 U.S.C. § 2071 and 28 U.S.C. §951.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to: (i) 28 U.S.C. §1331, (ii) 28 U.S.C. §1343(a), (iii) 28 USC § 1367, (iv) 28 U.S.C. §2201 & §2202 and (iv) 42 U.S.C. §1983.

3.      Venue in this district is proper under 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Columbia.

**PARTIES**

4.      Plaintiff is a resident of the District of Columbia and a citizen of the United States.

5.      Defendant Judith N. Macaluso is a Constitutional Article I officer acting as a judge of the District of Columbia Superior Court and is sued both in her official and individual capacities.

6.      Defendants Eric T. Washington, Stephen H. Glickman, John R. Fisher, Anna Blackburne-Rigsby, Phyllis D. Thompson, Kathryn A. Oberly, Corinne A. Beckwith, Catharine F. Easterly, and Roy W. McLeese are Constitutional Article I officers acting as judges of the District of Columbia Court of Appeals and are sued solely in their official capacities.

7.      Defendant Jane Doe at all times relevant, was an employee of the District of Columbia Court of Appeals, is sued solely in her individual capacity, and whose identity can be established after a reasonable opportunity for discovery.

**GENERAL ALLEGATIONS**

8.      As to Defendant Macaluso:

a.      On **April 6, 2010**, Sibley filed suit in D.C. Superior Court against St. Albans School, The Cathedral Church of St. Peter and St. Paul, and The Protestant Episcopal Cathedral Foundation. That suit was assigned D.C. Superior Court Case No.: 2010-CA-002202 and Defendant Judith N. Macaluso was assigned as the Judge for that case.

b.      On **December 1, 2011**, Sibley wrote Anne B. Wicks, Executive Officer of the District of Columbia Courts seeking under the Freedom of Information Act the "Trial Date Certainty Report & Age of Active Pre-Disposition Caseload Report" as referenced in her 2010 State of the Judiciary Report. In response on **December 21, 2011**, Ms. Wicks indicated by letter that such reports were not available for public dissemination and that the D.C. Courts were not subject to the

3

Freedom of Information Act.  A copy of Ms. Wick's letter is attached hereto as Exhibit "A".

           c.     Given Defendant Macaluso's extraordinary delay in resolving simple discovery issues – some five hundred thirty three (533) days – Sibley, on **May 8, 2012**, requested in writing that Defendant Macaluso release to him a copy of her trial calendar.

           d.     Receiving <u>no</u> response to his request, Sibley, at the hearing held before Defendant Macaluso in Case No.: 2010-CA-002202 on **June 15, 2012**, made an *Ore Tenus* motion to Defendant Macaluso to release her trial calendar.  Defendant Macaluso denied Sibley's request which was recorded on the docket by the Clerk as follows: "Oral Motion by Plaintiff requesting a copy of Judge's Calendar to be ruled upon. Oral Ruling Denying Plaintiff's request for copy of Judge's calendar ruled on by Judge Macaluso in open court on 06/15/2012."

        9.     As to the Court of Appeals Defendants and Defendant Jane Doe:

           a.     On **November 30, 2012**, Sibley filed a suit in the D.C. Court of Appeals which was captioned *Sibley v. District of Columbia Board of Elections and Ethics* and assigned Case. No.: 12-AA-1906.

           b.     On **February 1, 2013**, having <u>not</u> heard anything from the D.C. Court of Appeals in this matter, Sibley called the Clerk's office and inquired of the Clerk as to the most recent activity in Case. No.: 12-AA-1906.  The Clerk informed Sibley that on **January 16, 2013**, the Court of Appeals Defendants entered an Order.  Sibley indicated that he <u>never</u> received the Order and requested that a copy be immediately sent to him.  The Clerk agreed to send the Order by U.S. mail.

           c.     Sibley then telephoned Terri Stroud, counsel for the District of Columbia Board of Elections and Ethics and inquired whether she had received the **January 16, 2013, Order**.  Ms. Stroud replied that she had <u>not</u> received it but only had obtained a copy on **February 1, 2013**,

by walking over to the Court to get a copy directly from the Clerk. As a matter of professional courtesy, Ms. Stroud then emailed a copy of the **January 16, 2013, Order** to Sibley. A copy of the **January 16, 2013, Order** is attached hereto as Exhibit "B".

        d.    On **February 5, 2013**, Sibley filed his Verified Motion to Vacate and for Clarification of the January 16, 2013, Order which noted that the **January 16, 2013, Order** indicated that the Court considered Sibley's "petition for rehearing *en banc*" and that Sibley <u>never</u> filed such a petition for rehearing *en banc* nor could he as the only Order entered in this matter was the **January 16, 2013, Order** to which Sibley had <u>not</u> yet filed a motion for "rehearing *en banc*."

        e.    On **February 11, 2013**, in Case. No.: 12-AA-1906 Sibley received an Order dated **February 6, 2013**, a copy of which is attached as Exhibit "C". In that order, the Court of Appeals Defendants stated that: **"no order was entered on January 16, 2013"** and **"[Sibley]'s February 5, 2013, motion to vacate is denied as <u>no</u> order was entered"**.

**FIRST CLAIM**
**DECLARATORY RELIEF**
*(Defendant Macaluso)*

    10.    Sibley re-alleges paragraphs 1 through 9 and incorporates them herein by reference.

    11.    Sibley enjoys a First Amendment presumptive right of access to court proceedings upon two separate two grounds. First, the common-law history right of the public to inspect court documents. *See, e.g., Gannett Co. v. DePasquale*, 443 U.S. 368, 386, n. 15 (1979); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Second, a public-policy generate right to access court documents grounded upon the need to safeguards the integrity of the fact finding process, heighten the public respect for the judicial process by fostering an appearance of fairness and thus permits the public to participate in and serve as a check upon the judicial process – an essential

component of our structure of self-government. *See, e.g.*, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 605 (1982).

12.     The aforementioned rules and practices of Defendant Macaluso in refusing to release her trial calendar, both on their face and as applied by her, violates Sibley's aforementioned First Amendment presumptive right of access to court proceedings.

13.     The Supreme Court has held that even a minimal infringement upon First Amendment rights constitutes irreparable injury as there is no adequate remedy at law for the damage caused by First Amendment infringement. *See, e.g.*, *Elrod v. Burns*, 427 U.S. 347 (1976).

WHEREFORE, Sibley requests that this Court:

A.     Assume jurisdiction of this claim;

B.     Declare the rights and other legal relations of Sibley specifically finding that the aforementioned rules and practices of Defendant Macaluso in refusing to release her trial calendar, both on their face and as applied by her, violates Sibley's aforementioned First Amendment presumptive right of access to court proceedings;

C.     Retain jurisdiction of this matter to enforce this declaratory degree if subsequently violated by Defendant Macaluso;

D.     Awarding reasonable costs, disbursements and attorney fees pursuant to 42 U.S.C. §1988; and

E.     Enter such other and further relief as the Court deems just and proper.

### SECOND CLAIM
### DAMAGES
*(Defendant Macaluso)*

14.     Sibley re-alleges paragraphs 1 through 9 and incorporates them herein by reference.

6

15.     A violation of the First Amendment presumptive right of access to court proceeding constitutes irreparable harm.

16.     Defendant Macaluso's afore-described, without-color-of-authority and against public policy actions had and continue to have an unlawful chilling effect on Sibley's rights to Petition and Access secured to Sibley by the First Amendment to the United States Constitution.

17.     Defendant Macaluso's afore-described, without-color-of-authority and against public policy actions caused Sibley harm and he is entitled to nominal, compensatory and punitive damages.

WHEREFORE, Sibley demands judgment against Defendant Macaluso for: (i) One Dollar ($1.00) for nominal damages, (ii) Seventy-Five Thousand Dollars ($75,000) for actual damages, (iii) One Million Dollars ($1,000,000) for punitive damages, (iv) costs and (v) such other and further relief as the Jury deems appropriate and just.

### THIRD CLAIM
### DECLARATORY RELIEF
*(Court of Appeals Defendants)*

18.     Sibley re-alleges paragraphs 1 through 9 and incorporates them herein by reference.

19.     Sibley enjoys a First Amendment presumptive right of access to court proceedings upon two separate two grounds. First, the common-law history right of the public to inspect court documents. *See, e.g., Gannett Co. v. DePasquale*, 443 U.S. 368, 386, n. 15 (1979); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Second, a public-policy generate right to access court documents grounded upon the need to safeguards the integrity of the fact finding process, heighten the public respect for the judicial process by fostering an appearance of fairness and thus permits the public to participate in and serve as a check upon the judicial process – an essential component of our structure of self-government. *See, e.g., Globe Newspaper Co. v. Superior Court*,

457 U.S. 596, 605 (1982). Moreover, "[A] democracy is effective only if the people have faith in those who govern, and that **faith is bound to be shattered** when high officials and their appointees engage in activities **which arouse suspicions of malfeasance and corruption**." *United States v. Miss. Valley Generating Co.*, 364 U.S. 520, 562 (1961).

20.     The **January 16, 2013, Order** and the **February 6, 2013, Order** are internally inconsistent. Either an order was entered on **January 16, 2013**, or it was <u>not</u> entered as the Court of Appeals Defendants held in the **February 6, 2013, Order**. If the former is true, then the Court of Appeals Defendants are prevaricating in their **February 6, 2013, Order.** If the latter is true, then someone is issuing forged orders to the parties in Case. No.: 12-AA-1906. Either way, a felony has been committed in violation of 18 U.S.C. § 2071 and/or 28 U.S.C. §951.

21.     Given Sibley's reasonable "suspicions of malfeasance and corruption" and the public's right to serve as a check upon the judicial process which, in Case. No.: 12-AA-1906, is patently suspect, the only acceptable remedy is for the Court of Appeals Defendants to be publicly polled as to which is a true order of that Court: The **January 16, 2013 Order,** or the **February 6, 2013 Order,** as *a priori* both cannot be valid orders.

22.     The Supreme Court has held that even a minimal infringement upon First Amendment rights constitutes irreparable injury as there is no adequate remedy at law for the damage caused by First Amendment infringement. *See, e.g., Elrod v. Burns*, 427 U.S. 347 (1976).

WHEREFORE, Sibley requests that this Court:

A.     Assume jurisdiction of this claim;

B.     Declare the rights and other legal relations of Sibley specifically finding that the conflicting Orders of the Court of Appeals Defendants raise a reasonable "suspicions of malfeasance

and corruption" and given the public's right to serve as a check upon the judicial process which, as here, is patently suspect, the only acceptable remedy is for the Court of Appeals Defendants to be publicly polled as to which is a true order of that Court:  The **January 16, 2013 Order,** or the **February 6, 2013 Order**;

C.      Retain jurisdiction of this matter to enforce this declaratory degree if subsequently violated by Court of Appeals Defendants;

D.      Awarding reasonable costs, disbursements and attorney fees pursuant to 42 U.S.C. §1988; and

E.      Enter such other and further relief as the Court deems just and proper.

**FOURTH CLAIM**
**DAMAGES**
(*Defendant Jane Doe*)

23.      Sibley re-alleges paragraphs 1 through 9 and incorporates them herein by reference.

24.      Defendant Jane Doe's afore-described, without-color-of-authority and against public policy actions of issuing a forged District of Columbia Court Order had and continue to have an unlawful chilling effect on Sibley's rights to Petition and Access secured to Sibley by the First Amendment to the United States Constitution.

25.      Sibley enjoys an implied cause of action for violation of 18 U.S.C. § 2071 and/or 28 U.S.C. §951 by Defendant Jan Doe. *See, e.g., Cort v. Ash*, 422 U.S. 66, 78 (1975).

26.      Defendant Jane Doe's afore-described, without-color-of-authority and against public policy actions in violation of 18 U.S.C. § 2071 and/or 28 U.S.C. §951 caused Sibley harm and he is entitled to nominal, compensatory and punitive damages.

WHEREFORE, Sibley demands judgment against Defendant Jane Doe for: (i) One Dollar

($1.00) for nominal damages, (ii) Seventy-Five Thousand Dollars ($75,000) for actual damages, (iii)

One Million Dollars ($1,000,000) for punitive damages, (iv) costs and (v) such other and further

relief as the Jury deems appropriate and just.

### JURY TRIAL DEMANDED

Sibley demands a jury be empaneled to determine all issues of facts and law raised herein.

.

MONTGOMERY BLAIR SIBLEY
PETITIONER
4000 Massachusetts Ave, NW, #1518
Washington, D.C. 20016
Voice/Fax: 202-478-0371

By: _____
Montgomery Blair Sibley



District of Columbia Courts
500 Indiana Avenue, N.W., Room 6680
Washington, D.C. 20001
202-879-1700 Office
202-879-4829 Fax



Anne B. Wicks
Executive Officer

December 21, 2011

Montgomery Blair Sibley
4000 Massachusetts Avenue, N.W.
Apartment 1518
Washington, D.C. 20016-5136

Dear Mr. Sibley:

I received your December 1, 2011 letter requesting copies of Trial Date Certainty and Age of Active Pre-Disposition Caseload Reports.   Please be advised that these are internal management reports under development at this time.   As such reports become available for public dissemination, they will be posted on our website.

Please note that neither the federal nor District of Columbia Freedom of Information Acts are applicable to the D.C. Courts (the D.C. Court of Appeals and the Superior Court). *See* 5 U.S.C. §§552(f)(1) and 551(1)(D); 3 Op.C.C.D.C. 336 (1978) (copy attached).

Regards,

*Anne B. Wicks*

Anne B. Wicks

Exhibit  "A"

Open to All ♦ Trusted by All ♦ Justice for All

# District of Columbia
# Court of Appeals

No. 12-AA-1906

MONTGOMERY BLAIR SIBLEY,

Petitioner,



v.

D.C. BOARD OF ELECTIONS
 AND ETHICS,

Respondent.

BEFORE: Washington, Chief Judge; Glickman, Fisher, Blackburne-Rigsby, Thompson, Oberly, Beckwith, Easterly, and McLeese, Associate Judges.

## ORDER

On consideration of petitioner's petition for rehearing *en banc*; respondent's motion to dismiss, petitioner's motion for permission to file a response prior to court ruling on respondent's motion to dismiss and for oral argument, petitioner's lodged verified response to respondent's motion to dismiss and demand for oral argument, and it appearing that no judge of this court has requested a response from the respondent nor called for a vote on the petition for rehearing *en banc*, it is

ORDERED that petitioner's petition for rehearing *en banc* is denied. It is

FURTHER ORDERED that respondent's motion to dismiss is denied as moot.  It is

FURTHER ORDERED that petitioner's motion for permission to file the lodged response prior to this court ruling on respondent's motion to dismiss and for oral argument is denied as moot.

PER CURIAM

Copies to:

Kenneth J. McGhie, Esquire
DC Board of Elections & Ethics
441 4th Street, NW, #270
Washington, DC  20001

Exhibit "B"

# District of Columbia
# Court of Appeals



FEB - 6 2013

No. 12-AA-1906

MONTGOMERY BLAIR SIBLEY,

Petitioner,

v.

D.C. BOARD OF ELECTIONS
AND ETHICS,

Respondent.

BEFORE:  Washington, Chief Judge; Glickman, Fisher, Blackburne-Rigsby, Thompson, Oberly, Beckwith, Easterly, and McLeese, Associate Judges.

## ORDER

On consideration of petitioner's petition for hearing *en banc*; respondent's motion to dismiss the petition for review, petitioner's motion for permission to file a response prior to court ruling on respondent's motion to dismiss and for oral argument, petitioner's lodged verified response to respondent's motion to dismiss and demand for oral argument, petitioner's February 5, 2013, motion to vacate and for clarification, and it appearing that no order was entered on January 16, 2013, and it further appearing that no judge of this court has requested a response from the respondent nor called for a vote on the petition for hearing *en banc*, it is

ORDERED that petitioner's petition for hearing *en banc* is denied. It is

FURTHER ORDERED that petitioner's February 5, 2013, motion to vacate is denied as no order was entered.  It is

FURTHER ORDERED that the petition, motion to dismiss and opposition thereto are referred back to the court to be handled in the normal course.

PER CURIAM

Exhibit "C"