**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )

**MONTGOMERY BLAIR SIBLEY,**         )
                                                          )    C.A. No. 13-0319 (JDB)
            **Plaintiff,**                          )

            **v.**                                     )

**JUDITH N. MACALUSO,** *et al.***,**     )

            **Defendants.**               )
_____)

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

In his memorandum in opposition to Defendants' motion to dismiss, Plaintiff fails to overcome the clear showing made by Defendants that Plaintiff lacks standing to proceed on his claims for declaratory relief, that Defendants are entitled to absolute judicial immunity for Plaintiff's claims for damages, and that Plaintiff has failed to state any claim upon which relief can be granted. Thus, only this brief reply is necessary.

*First*, as Defendants demonstrated, Plaintiff lacks standing for his equitable claims.[1] Plaintiff does not address the binding authority of *City of Los Angeles v. Lyons*, 462 U.S. 95 (1983) and its progeny, nor has Plaintiff demonstrated that he faces a real and immediate threat of future injury, or that the alleged injury will be redressed by the requested relief.[2] *See, e.g.,*

---

[1] Despite his assertion to the contrary, *see* Pl.'s Opp. at 11, it is Plaintiff's burden to prove his standing. *See Friends of the Earth, Inc. v. Laidlaw Env. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

[2] Rather than address the essential elements of standing, Plaintiff cites several cases where he claims that the plaintiff suffered no personal injury in fact. Pl.'s Opp. at 11. None of these cases have any bearing on the issue of constitutional standing for declaratory relief. *Mokhiber v. Davis*, 537 A.2d 1100 (D.C. 1988) addressed a reporter's right to intervene in settled civil court proceedings in order to access documents and court records covered by a protective order in the civil proceedings. In *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982), the Supreme Court found that a state supreme court's construction of a state statute that denied access to criminal proceedings to inhibit the disclosure of sensitive information to be overbroad under the First Amendment. Finally, *Gannett Co. v. DePasquale*, 443 U.S. 368 (1979), addressed whether there was a constitutional right of access to

*Warth v. Seldin*, 422 U.S. 490, 504 (1975) (plaintiff must show that "if the court affords the relief requested, the [injury] will be removed."). Instead Plaintiff contends only (and with no plausible factual support) that he has suffered a personal injury-in-fact by Judge Macaluso's denial of his request for her trial calendar.[3] There are no facts to support that this act poses any threat of future injury to Plaintiff, or that the relief Plaintiff seeks can actually redress the purported injury. Moreover, Plaintiff's reliance on *Littlejohn v. BIC Corp.*, 851 F.2d 673 (3d Cir. 1988) for the proposition that this Court can order Judge Macaluso to produce her trial calendar is misplaced. The circuit court in *Littlejohn* ordered that the public be given access to documents actually admitted into the judicial record.[4] Here, even if Plaintiff could show a likelihood of future injury and redressability, he has provided absolutely no support for his contention that he has a right to a particular judge's trial calendar, which is not, in contrast to the records and proceedings in *Gannett Co. v. DePasquale* and *Mokhiber v. Davis*, part of the judicial record.

Likewise, Plaintiff's claim that an erroneous order was issued by the Court of Appeals cannot establish standing as his facts cannot plausibly support an injury (particularly as it is

---

pretrial criminal proceedings. None of these litigants sought a declaratory judgment, and the issues of constitutional standing and redressability were not at issue.

[3] Plaintiff now contends that he also suffered an injury in fact by Judge Macaluso's alleged delay in addressing certain issues before her in Plaintiff's case against St. Albans. Pl.'s Opp. at 11-12. Plaintiff's amended complaint makes no mention of this issue in his claim for declaratory relief against Judge Macaluso (First Claim), and Plaintiff may not assert a new request for relief in his opposition to a dispositive motion, s*ee Baumann v. District of Columbia*, 2013 WL 1226884, *21 (D.D.C. Mar. 27, 2013), notwithstanding the leave to amend that Plaintiff seeks in footnote 1 of his opposition memorandum. Even if the Court did allow Plaintiff leave to amend, Plaintiff again has pled no plausible facts to support his naked assertion that Judge Macaluso's purported delay caused him an actual injury that could be redressed by this Court. Thus, to the extent the Court deems Plaintiff's motion made in a footnote in his memorandum in opposition to Defendants' dispositive motion to be proper, Plaintiff's motion should be denied as futile. *See , e.g., Saint-Jean v. District of Columbia*, 844 F. Supp. 2d 16, 20 (D.D.C. 2012) (for plaintiff to prevail on a challenge to leave to file an amended complaint, the proposed "amendments must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Shaughnessy v. Interpublic Grp. of Companies, Inc.*, 2012 WL 5870131, *4 (6th Cir. Nov. 21, 2012) ("Plaintiff's motion for leave to amend was futile because even his revised allegations lacked the factual specificity required to nudge his complaint across the line from the conceivable to the plausible.").

[4] The actions of the *Littlejohn* court are also distinguishable as the circuit court there had appellate jurisdiction over the federal district court order at issue on appeal.

without dispute that any incorrect order was not actually entered on the docket), or redressability.[5]  Plaintiff's reliance on *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471-72 (1988) is of no benefit to him as that decision reiterated the "requirement of 'actual injury redressable by the court.'"  *Id.* at 472 (quoting *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 39 (1976)).  Plaintiff's failure to plead facts to support standing is fatal to Plaintiff's request for equitable relief.  *See Byrd v. EPA*, 174 F.3d 239 (D.C. Cir. 1999) (noting that "standing is a 'threshold jurisdictional question' that cannot be assumed in resolving litigation.") (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998)).  Accordingly, even if Plaintiff's claim that he is concerned that other cases he has pending now or in the future could be subjected to a fraudulent order, there are no facts to demonstrate that the declaratory relief Plaintiff seeks will actually redress the claimed injury.  Thus, Plaintiff's claims for declaratory judgment must be dismissed.

*Second*, the Defendants are entitled to absolute judicial immunity.  Plaintiff claims that Judge Macaluso's refusal to produce her trial calendar is not a "judicial act" but a ministerial one.  Pl.'s Opp. at 5.  Plaintiff's argument misses the point.  Plaintiff requested the trial calendar by a motion, which Judge Macaluso denied.  *See* Pl.'s Am. Compl. ¶ 8.d.  The fact that preparing and producing a trial calendar could be a non-judicial act is of no moment when the decision with which Plaintiff takes issue – denial of the motion for access to the calendar – is a judicial act.  In any event, Plaintiff has pled no cognizable claim for relief arising out of any alleged actions of Judge Macaluso relating to her trial calendar.

---

[5] Plaintiff asserts that Defendant's statement that the January 16, 2013 order was not entered on the docket or mailed to the parties, Def,'s Mem. in Supp of Mot. to Dismiss at 13, is incorrect. Pl.'s Opp. at 3. The docket from the appellate matter submitted as Exhibit 2 to Defendants' motion to dismiss demonstrates that the Order was not entered. The January 16, 2013 Order, file-stamped but not entered, apparently was mailed to Plaintiff when he requested a copy of the same during a February 1, 2013 call to the Court of Appeals' clerk's office. *See* Am. Comp. ¶ 9.b. Again, the Order was never entered in this case, apparently due to the realization that Order's reference to a **rehearing** *en banc* was in error. *See* Defs.' Mem. in Supp. of Mot. to Dismiss at 12.

With respect to the Court of Appeals Defendants, Plaintiff attempts to sidestep their entitlement to absolute judicial immunity by claiming that their failure to act is outside the scope of their jurisdiction.  Pl.'s Opp. at 6.  Plaintiff provides no legal support for this contention, nor can he.  "[T]he timing of a decision is normally, if not always, a judicial decision." *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985) (finding judge entitled to judicial immunity for plaintiff's claim of a four-year delay in rendering a decision on a post-conviction relief petition); *see also Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) (claims for violations of constitutional rights of convicted individuals against that asserted, *inter alia* that that judges took too long to issue decisions on matters fully briefed "clearly constituted judicial acts performed within cases properly before the judges" and thus barred by absolute immunity); *Rheuark v. Shaw*, 628 F.2d 297, 303-04 (5th Cir. 1980) (judge entitled to absolute immunity on claim that delay in processing criminal proceedings violated the plaintiff's due process rights).  Rather, judges are immune from civil suit for actions or inactions taken in their judicial capacity unless the action is "taken in the complete absence of all jurisdiction."  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Here, the Court of Appeals Defendants had jurisdiction to act, and the allegation that they did not act as quickly as Plaintiff desired does not deprive them of jurisdiction to act, or the judicial immunity to which they are entitled.[6]

Regarding the Jane Doe defendant, Plaintiff argues that judicial immunity should not apply because "forging a court document and then serving it on the parties is <u>not</u> 'integral to the judicial process' as it is a felony."  Pl.'s Opp. at 8 (emphasis in original).  Judicial immunity,

---

[6] Plaintiff's assertion that granting immunity for failure to act would not serve the purpose of judicial immunity is not well-grounded.  The overarching purpose of judicial immunity is to safeguard the judicial process and independent decision-making by protecting judges from civil damages arising out of their official judicial acts.  *See Bradley v. Fisher*, 80 U.S. (13 Wall.) 335 (1872); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Allowing an unhappy litigant to sue judges because a decision was not rendered within the litigant's preferred timeframe completely defeats the purpose of the doctrine, as it invades the process by which judicial decisions are made.

however, will apply to judges and others performing a judicial function "even where such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Eades v. Sterlinske*, 810 F.2d 723, 725-26 (7th Cir. 1987) (finding judge entitled to judicial immunity where plaintiff alleged that the judge caused an alteration of the transcript and record in plaintiff's criminal proceedings); *Strawbridge v. Bednarik*, 460 F. Supp. 1171, 1172-73 (E.D. Pa. 1978) (applying judicial immunity to civil claim that a judicial ruling came about through collusion or bribery).  In any event, Plaintiff has failed to assert any cognizable cause of action for damages arising out of an order never actually entered in his case, which purported to deny relief that Plaintiff had never even requested.

*Third*, Plaintiff has failed to state any cognizable claim for relief.  Plaintiff has no common law or constitutional right of access to the calendar he sought from Judge Macaluso, and has not demonstrated any injury as a result of denial of the right of access.  He also has no cause of action against the Court of Appeals Defendants for purported delay in issuing a decision in his appellate matter, nor does Plaintiff have a valid cause of action for an order in his case that was file-stamped but not actually issued.[7]

In sum, Plaintiff's amended complaint should be dismissed with prejudice.

>                               Respectfully submitted,
>
>                               IRVIN B. NATHAN
>                               Attorney General for the District of Columbia
>
>                               GEORGE C. VALENTINE
>                               Deputy Attorney General, Civil Litigation Division

---

[7] Moreover, Plaintiff's concern that he was compelled by 18 U.S.C. § 4 (misprision of felony) is not valid.  *See* Pl.'s Opp. at 2.  Even if Plaintiff had knowledge of an "actual commission of a felony" (instead of simply a mistaken order never entered in a case), this provision does not authorize a civil cause of action for damages.  Rather than allow a person to seek damages for the felonious action, the statute only requires the individual to report the alleged crime to appropriate authorities.

/s/   Darrell Chambers
DARRELL CHAMBERS [980872]
Chief, General Litigation Section II

/s/   Shana L. Frost
SHANA L. FROST [458021]
Assistant Attorney General
441 Fourth Street, NW
Washington, D.C. 20001
(202) 724-6534
shana.frost@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of April, 2013, I served a copy of the foregoing on the Honorable John D. Bates via the Clerk's Electronic Case Filing system, and upon the *pro se* Plaintiff via email (mbsibley@gmail.com) and First Class mail, postage pre-paid:

> Montgomery Blair Sibley
> 4000 Massachusetts Avenue, NW #1518
> Washington, DC 20016

/s/ Shana L. Frost
SHANA L. FROST
Assistant Attorney General